IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DERREK DWIGHT GILLIAM,

        Plaintiff,

v.

KING COUNTY METRO,

        Defendant.

No. 3:22-cv-01268-HZ

OPINION & ORDER

HERNÁNDEZ, District Judge:

    Pro se Plaintiff Derrek Dwight Gilliam brings this action against Defendant King County Metro. Plaintiff moves to proceed in forma pauperis [2]. Because Plaintiff has minimal income and assets, the Court grants the motion. However, for the reasons explained below, the Court dismisses the Complaint [1] without prejudice.

**STANDARDS**

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

(B) the action or appeal–

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to

amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

## DISCUSSION

**I.      Failure to State a Claim**

Plaintiff has failed to state a claim on which relief may be granted. Plaintiff does not provide the legal basis for his claim in his Complaint and does not provide facts that plausibly state a claim for relief. Against Defendant King County Metro, under the heading Statement of Claim, Plaintiff writes the following:

> After April before August 2020, I was on the metro bus 101 coming from Renton, the bus stop just before Jackson street, when a automobile struck the back of the metro bus. King County Metro accident department sent email statement was everyone on BUS is able to claim – back has gave out causing me a E.R. visit. King County metro refuses to answer my emails.

Compl. 17.

From these allegations, the Court cannot discern a cognizable legal claim. It is not clear if Plaintiff intends to bring a negligence claim against Defendant King County Metro based on the accident or Defendant King County Metro's alleged failure to respond to Plaintiff's emails. Accordingly, the Court dismisses the Complaint and gives Plaintiff leave to amend to state a claim on which relief may be granted

//

//

//

//

//

//

## CONCLUSION

The Court GRANTS Plaintiff's application for leave to proceed IFP [2]. Plaintiff's Complaint [1] is dismissed with leave to amend. Plaintiff may file an amended complaint, curing deficiencies noted above, within 30 days of this Opinion & Order. The Clerk shall not issue the summons without direction from the Court.

IT IS SO ORDERED.

DATED:  September 7, 2022  .

MARCO A. HERNÁNDEZ
United States District Judge