IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DERREK DWIGHT GILLIAM,                                    No. 3:22-cv-01268-HZ
an individual,

                    Plaintiff,                                    OPINION & ORDER

    v.

KING COUNTY METRO,

                    Defendant.

Derrek Dwight Gilliam
1435 NE 81st Ave #100
Portland, OR 97213

*Pro se*

HERNÁNDEZ, District Judge:

        Plaintiff Derrek Dwight Gilliam moves for default judgment against Defendant King

County Metro. ECF 32. Defendant has not appeared in this case. For the following reasons, the

Court denies Plaintiff's Motion.

## BACKGROUND

Plaintiff sued Defendant on August 10, 2022. Compl., ECF 1. The Court granted

Plaintiff's application to proceed *in forma pauperis* ("IFP") and dismissed the Complaint with

leave to amend. Order, ECF 10. Plaintiff filed an Amended Complaint on October 3, 2022. ECF

12. In the Amended Complaint, Plaintiff alleges that between April and August of 2020, he was

riding a bus operated by Defendant when the bus was struck from behind by a vehicle. *Id.* at 6.

He alleges that the "accident caused me mild concussion" and his "back gave out" and he had to

go to the hospital to seek treatment for these injuries. *Id.* He alleges that Defendant's accident

department sent an email to all bus passengers stating that everyone on the bus could make a

claim. *Id.*

On November 18, 2022, the Court ordered Plaintiff to follow the instructions in the order

granting leave to proceed IFP so that the U.S. Marshals could serve Defendant with the

Summons and Complaint. ECF 16. On December 5, 2022, the Summons and Complaint were

forwarded to the Marshals for service. ECF 18. The return of service states that Defendant was

served on February 6, 2023. ECF 26. Defendant did not answer or otherwise appear. On May 2,

2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of

prosecution. ECF 31. Plaintiff then filed the present Motion.

## STANDARDS

"When a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

enter the party's default." Fed. R. Civ. P. 55(a). "The fact that Rule 55(a) gives the clerk

authority to enter a default is not a limitation on the power of the court to do so. But the court

should exercise discretion in deciding whether or not to order a default." 10A Charles Alan

Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure § 2682 (4th ed. 2022)*.

Entry of default is a necessary precursor to default judgment, which "is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Federal Rule of Civil Procedure 55(b) governs entry of a default judgment. If the plaintiff's claim is not for a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2).

> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>     (A) conduct an accounting;
>     (B) determine the amount of damages;
>     (C) establish the truth of any allegation by evidence; or
>     (D) investigate any other matter.

*Id.*

The decision to grant an application for default judgment is within the district court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Courts in the Ninth Circuit generally consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

Courts evaluate whether the defendant was properly served with process when determining whether entry of default judgment is appropriate, because judgment can be entered only against a defendant over whom the court has personal jurisdiction. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.

R. Civ. P. 4.")*; Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (holding that default judgment was void because the defendant was not properly served with process); *Calista Enterprises Ltd. v. Tenza Trading Ltd.*, No. 3:13-CV-01045-SI, 2014 WL 3670856, at *3 (D. Or. July 23, 2014) (denying motion for default judgment where service of process was inadequate).

## DISCUSSION

Plaintiff has not shown that he should be granted default judgment. First, Plaintiff's motion is premature because he has not yet sought entry of default. Second, the Court concludes that Defendant was not properly served with the Summons and Complaint, so neither default nor default judgment can be entered.

## I.      Premature Motion

Plaintiff's motion for default must be denied because it is premature. As explained above, a defendant must be found to be in default before the Court can consider a motion for default judgment. Plaintiff has not requested an entry of default under Rule 55(a). Even if he had, the Court would deny the request because service of process in this case was improper.

## II.     Inadequate Service of Process

### A.      Standard

Defendant King County Metro is an agency of King County in the State of Washington. The Federal Rules of Civil Procedure provide that a plaintiff must serve a state or local government or a state-created governmental organization by either (1) "delivering a copy of the summons and of the complaint to its chief executive officer" or (2) "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). In general, Washington law provides for personal service unless circumstances justify service by publication or an applicable statute or court order

provides for service by other means. *See* Wash. Civ. R. 4(d)-(e); Wash. Rev. Code 4.28.080

(personal service statute); Wash. Rev. Code 4.28.100 (service by publication statute).

Washington's personal service statute provides: "If the action is against any county in this state,

[service must be made] to the county auditor or, during normal office hours, to the deputy

auditor, or in the case of a charter county, summons may be served upon the agent, if any,

designated by the legislative authority." Wash. Rev. Code. 4.28.080(1).

      When the plaintiff is allowed to proceed *in forma pauperis*, the court must order, at the

plaintiff's request, that a United States Marshal effect service on behalf of the plaintiff. Fed. R.

Civ. P. 4(c)(3). *See also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process, and perform all duties in such cases."). The plaintiff must "provide[] the necessary

information to help effectuate service," but having done so, is entitled to rely on the Marshals to

properly serve the defendant. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (so holding

in the case of a plaintiff who was incarcerated). *See also Jones v. Bank of Am. NA*, No. CV-17-

08231-PCT-SMB, 2019 WL 3021668, at *2 (D. Ariz. July 10, 2019) (applying *Puett* in the case

of a plaintiff who was not incarcerated).

      B.    Application

      Service of the Summons and Complaint was not proper in this case. The Summons

Plaintiff provided lists Defendant and an address in Seattle, Washington. ECF 18. The return of

service indicates that the Summons and Complaint were mailed to that address through the

United States Postal Service. ECF 26. This method of service does not comply with Rule 4.

Neither the federal rules nor Washington's civil rules provide for service by mail under these

circumstances. They provide for personal service. Because Defendant was not properly served,

the Court lacks jurisdiction over Defendant and cannot enter default judgment against Defendant. Accordingly, the Court will not consider the merits of Plaintiff's Motion for Default Judgment.

The Court recognizes that the improper service was not the fault of Plaintiff alone. The Summons Plaintiff provided did not name any appropriate King County official on whom process should be served. Where, as here, the defendant is an entity and not an individual, the name of an appropriate individual who may accept service on behalf of the defendant should also be provided in the U.S. Marshals Service Form or the Summons to assist the Marshals in serving the defendant. But the Summons did list King County Metro as the defendant and an address in Washington State, and the Marshals served Defendant in a manner inconsistent with the applicable federal and state rules. Under these circumstances, the Court concludes that Plaintiff should be given an opportunity to provide a new summons to the Marshals for service, following the rules outlined above. The Court therefore quashes service in this case. *See Puett*, 912 F.2d at 276 (remanding for the Marshals to properly serve the defendant); *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (stating that "the district court has discretion to dismiss an action or to quash service" where service was improper). Plaintiff must follow these three steps to proceed with this case:

(1) Prepare an original summons for Defendant and submit it to the Clerk of Court for issuance;

(2) Provide the original and sufficient service copies of the issued summons and the Amended Complaint to the Clerk of Court for service; and

(3) Complete the U.S. Marshals Service Form (USM285) for Defendant and submit it to the Clerk of Court. Summons forms and the USM285 forms may be obtained on request from the Clerk of Court's Office.

Alternatively, Plaintiff may choose to complete service without the aid of the U.S. Marshals Service. If so, Plaintiff must promptly file a return of service following completion of service.

The Court advises Plaintiff that this case may be dismissed if Defendant is not properly served. *See* Fed. R. Civ. P. 4(m) (providing for dismissal of complaint where the defendant is not served within 90 days after the complaint is filed, and the possibility of an extension of time to serve if the plaintiff shows good cause); *S.J.*, 470 F.3d at 1293 (noting that the district court had discretion to grant an extension of time to properly serve the defendant where service was improper). The Court grants Plaintiff 30 days to provide the necessary documents for the Marshals to serve the Summons and Complaint.

## CONCLUSION

Plaintiff's Motion for Default Judgment [32] is DENIED. Service on Defendant is quashed. In order to proceed with this case, Plaintiff must follow steps (1) through (3) in this Opinion and Order within 30 days of the date of entry of this Opinion and Order. Upon receipt of the necessary service documents, the U.S. Marshals are directed to serve Defendant in a manner consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED: _____June 18, 2023_____.

_____
MARCO A. HERNANDEZ
United States District Judge