IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DERREK DWIGHT GILLIAM,<br>an individual, | No. 3:22-cv-01268-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| KING COUNTY METRO, | |
| Defendant. | |

Derrek Dwight Gilliam
1435 NE 81st Ave #100
Portland, OR 97213

*Pro se*

HERNÁNDEZ, District Judge:

Plaintiff Derrek Dwight Gilliam moves for default judgment against Defendant King County Metro. ECF 37. Defendant has not appeared in this case. For the following reasons, the Court denies Plaintiff's Motion and dismisses this case without prejudice.

1 – OPINION & ORDER

## BACKGROUND

Plaintiff sued Defendant on August 10, 2022. Compl., ECF 1. The Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") and dismissed the Complaint with leave to amend. Order, ECF 10. Plaintiff filed an Amended Complaint on October 3, 2022. ECF 12. In the Amended Complaint, Plaintiff alleges that between April and August of 2020, he was riding a bus operated by Defendant when the bus was struck from behind by a vehicle. *Id.* at 6. He alleges that the "accident caused me mild concussion" and his "back gave out" and he had to go to the hospital to seek treatment for these injuries. *Id.* He alleges that Defendant's accident department sent an email to all bus passengers stating that everyone on the bus could make a claim. *Id.*

On November 18, 2022, the Court ordered Plaintiff to follow the instructions in the order granting leave to proceed IFP so that the U.S. Marshals could serve Defendant with the Summons and Complaint. ECF 16. On December 5, 2022, the Summons and Complaint were forwarded to the Marshals for service. ECF 18. The return of service states that Defendant was served on February 6, 2023. ECF 26. Defendant did not answer or otherwise appear.

On May 2, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of prosecution. ECF 31. Plaintiff then moved for default judgment. ECF 32. On June 18, 2023, the Court denied that motion because Defendant had not been properly served. Op. & Ord., ECF 34. The Court concluded that because the U.S. Marshals had improperly served Defendant, Plaintiff should be provided the opportunity to re-serve Defendant. *Id.* at 6. The Court explained to Plaintiff what he needed to do to serve Defendant. *Id.* at 6-7. The Court gave Plaintiff 30 days to provide the Marshals with the necessary paperwork to effect service. *Id.* at 7. And the Court advised Plaintiff that if he failed to properly serve Defendant, his case could be

2 – OPINION & ORDER

dismissed. *Id.* Plaintiff did not re-serve Defendant, instead filing two motions. On June 23, 2023, Plaintiff moved to change venue. ECF 35. The Court denied that motion. ECF 36. Plaintiff then filed the present Motion for Default Judgment.

## STANDARDS

### I. Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so. But the court should exercise discretion in deciding whether or not to order a default." 10A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2682 (4th ed. 2022).

Entry of default is a necessary precursor to default judgment, which "is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Federal Rule of Civil Procedure 55(b) governs entry of a default judgment. If the plaintiff's claim is not for a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2).

> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

*Id.*

3 – OPINION & ORDER

The decision to grant an application for default judgment is within the district court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Courts in the Ninth Circuit generally consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

Courts evaluate whether the defendant was properly served with process when determining whether entry of default judgment is appropriate, because judgment can be entered only against a defendant over whom the court has personal jurisdiction. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (holding that default judgment was void because the defendant was not properly served with process); *Calista Enterprises Ltd. v. Tenza Trading Ltd.*, No. 3:13-CV-01045-SI, 2014 WL 3670856, at *3 (D. Or. July 23, 2014) (denying motion for default judgment where service of process was inadequate).

## II. Dismissal for Failure to Serve

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

**DISCUSSION**

Plaintiff has not shown that he should be granted default judgment. Plaintiff's motion is premature because he has not yet sought entry of default. And default judgment cannot be entered because Defendant was not properly served with the Summons and Complaint. Finally, because Plaintiff has failed to follow the steps required to properly serve Defendant, the Court dismisses this case without prejudice.

Plaintiff's Motion for Default Judgment must be denied because it is premature. As explained above, a defendant must be found to be in default before the Court can consider a motion for default judgment. Plaintiff has not requested an entry of default under Rule 55(a). Even if he had, the Court would deny the request because service of process in this case was improper.

The Court held in its previous Opinion and Order that Defendant had not been properly served. In his Second Motion for Default Judgment, Plaintiff states, "federal rules of civil procedure show king county was served and if the defendant king county was not served properly by state rule however the defendant was served by federal rule in general even as we speak by legal by rule 4 summons (c)(1) publication website." Pl. Mot. 1. Plaintiff is incorrect. First, Defendant was served by mail, not by publication. ECF 26. Second, as the Court previously explained, a state or local government must be served by either (1) delivering a copy of the Summons and Complaint to the chief executive officer, or (2) serving in accordance with applicable state law. Fed. R. Civ. P. 4(j)(2). Thus, service by publication would not be proper here unless it would be proper under Washington law. Under Washington law, service by publication is proper "[w]hen the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff . . . stating that he or she believes that the defendant is not a

5 – OPINION & ORDER

resident of the state, or cannot be found therein[.]" Wash. Rev. Code 4.28.100. Plaintiff has not shown that Defendant cannot be found in the State of Washington. Defendant is an agency of King County in the State of Washington. Service by publication is not appropriate under Washington law in this case, and thus it is not appropriate under Federal Rule of Civil Procedure 4. As the Court previously held, service of process in this case was improper.

Defendant has not been served within the time limit for service. Plaintiff's Complaint was filed on August 10, 2022. ECF 1. The Amended Complaint was filed on October 3, 2022. ECF 12. Well over 90 days have elapsed, and Defendant still has not been properly served. In denying Plaintiff's previous Motion for Default Judgment, the Court explained to Plaintiff that his case could be dismissed if he did not take steps to properly serve Defendant. The Court explained to Plaintiff what he needed to do to properly serve Defendant and gave him 30 days to do so. Plaintiff did not follow the Court's instructions. Instead, Plaintiff filed a Motion to Change Venue and the present Motion for Default Judgment, in which he disagrees with the Court's conclusion that service was improper. Plaintiff has not shown good cause for his failure to serve Defendant. Therefore, under Rule 4(m), the Court must dismiss this case without prejudice.

## CONCLUSION

The Court DENIES Plaintiff's Motion for Default Judgment [37] and DISMISSES this case without prejudice.

IT IS SO ORDERED.

DATED: _____August 22, 2023_____.

                                                _____
                                                MARCO A. HERNÁNDEZ
                                                United States District Judge